CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 09 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonaco
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT A. UNGER,<br>Petitioner, | ) Civil Action No. 7:15-cv-00592<br>)<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| JAME WHITLEY,<br>Respondent. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Robert A. Unger, a Virginia pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus, complaining that he remains incarcerated before the resolution of a pending criminal matter in state court.[1] A federal court will only inquire into a state court's determination of bail when the determination is arbitrary or discriminatory or results in the denial of counsel or a fair trial. Mastrian v. Hedman, 326 F.2d 708, 710-11 (8th Cir. 1964); Wansley v. Wilkerson, 263 F. Supp. 54, 56-57 (W.D. Va. 1967). "The purpose of requiring a bond is to assure the presence of the defendant at the trial. If the trial judge reasonably believes that regardless of the amount set the accused will be unlikely to be present at trial, he may deny bail completely. Also, a trial judge must deny bail if he feels the release of the accused will endanger the safety of the community." Wansley, supra at 57 (internal citations omitted).

Petitioner fails to establish that the denial of bail was arbitrary or discriminatory or resulted in the denial of counsel or a fair trial. Furthermore, absent extraordinary circumstances, federal courts must not interfere with pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). Federal district courts should abstain from constitutional

---

[1] Petitioner's multiple filings in this action reveal that Petitioner appealed his conviction in the City of Winchester General District Court for public intoxication to the City of Winchester Circuit Court, and he has not yet been retried. Accordingly, I construe the petition as arguing for a release on bond pending resolution of the state criminal charge.

challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Clearly, Petitioner may present his federal claims to state courts during trial, appeals, and collateral proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc) ("Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a court from enjoining state criminal proceedings, and I lack jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969).

Accordingly, the petition is dismissed without prejudice, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases, because it plainly appears from the petition that Petitioner is not entitled to relief. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 9th day of February, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge

2